UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

LAREDO DIVISION

United States Courts
Southern District of Texas
FILED
NOV 20 2018
David J. Bradley, Clerk
Laredo Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. |
| | § | |
| MOKTAR HOSSAIN; | § | L-18-0912 |
| AKA MUKTAR HUSSAIN; | § | |
| AKA MUSA; | § | |
| AKA MUSA BHAI; | § | |
| AKA BABU BHAI; | § | |
| AKA ASHRAF; | § | UNDER SEAL DS |
| AKA ASHRAB; | § | |
| AKA RICKY; | § | |
| AKA CARLOS | § | |

## INDICTMENT

**THE GRAND JURY CHARGES THAT:**

Introduction

1. In or about and between March 2017 to August 2018 the defendant MOKTAR HOSSAIN; AKA MUKTAR HUSSAIN; AKA MUSA; AKA MUSA BHAI; AKA BABU BHAI; AKA ASHRAF; AKA ASHRAB; AKA RICKY; AKA CARLOS, together with others, participated in an alien smuggling operation by which individuals, referred to herein as KK, MMH, AA, AAM, HB, MR, SH, NU, MFH, RH, KM, ZA, HR, SM (collectively the "Aliens"), whose identities are known to the Grand Jury, were illegally brought into the United States. The Aliens are citizens of Bangladesh. The Aliens were not United States citizens and did not have prior official authorization from the United States government to come to, enter, and reside in the United States.

2. The defendant MOKTAR HOSSAIN; AKA MUKTAR HUSSAIN; AKA MUSA; AKA MUSA BHAI; AKA BABU BHAI; AKA ASHRAF; AKA ASHRAB; AKA RICKY; AKA CARLOS, a Bangladesh national, operated a human smuggling organization in and around Monterrey, Mexico. In return for smuggling the Aliens into the United States, the defendant MOKTAR HOSSAIN; AKA MUKTAR HUSSAIN; AKA MUSA; AKA MUSA BHAI; AKA BABU BHAI; AKA ASHRAF; AKA ASHRAB; AKA RICKY; AKA CARLOS, and his co-conspirators arranged to be paid in Mexico, Central America, South America, Bangladesh, and elsewhere. The defendant MOKTAR HOSSAIN; AKA MUKTAR HUSSAIN; AKA MUSA; AKA MUSA BHAI; AKA BABU BHAI; AKA ASHRAF; AKA ASHRAB; AKA RICKY; AKA CARLOS, housed the Aliens in a hotel in Monterrey, Mexico and instructed them how to cross the Rio Grande river into the United States. He then utilized several drivers to facilitate the transportation of the Aliens to the Rio Grande river so that the Aliens would cross into the United States from Mexico.

**COUNT ONE**
(Conspiracy to Bring an Alien to the United States)
8 U.S.C. §§ 1324(a)(1)(A)(i), 1324(a)(1)(A)(v)(I), and 1324(a)(1)(B)(i)

3. Paragraphs 1 and 2 of this Indictment are realleged and incorporated as though fully set forth herein.

4. From in or about March 2017 through in or about August 2018, in the Southern District of Texas and elsewhere, defendant

**MOKTAR HOSSAIN;**
**AKA MUKTAR HUSSAIN;**
**AKA MUSA;**
**AKA MUSA BHAI;**
**AKA BABU BHAI;**
**AKA ASHRAF;**
**AKA ASHRAB;**
**AKA RICKY;**
**AKA CARLOS,**

for the purpose of commercial advantage and private financial gain, did knowingly and intentionally combine, conspire, confederate and agree with others known and unknown to the Grand Jury, knowing that a person is an alien, to bring and attempt to bring to the United States in any manner whatsoever such person at a place other than a designated port of entry or place other than as designated by the Commissioner, regardless of whether such alien has received prior official authorization to come to, enter, and reside in the United States and regardless of any future official action which may be taken with respect to such alien, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(i) and 1324(a)(1)(B)(i).

All in violation of Title 8, United States Code, Section 1324(a)(1)(A)(v)(I).

**COUNTS TWO THROUGH FIFTEEN**
(Bringing an Alien to the United States)
8 U.S.C. § 1324(a)(2)(B)(ii) and 18 U.S.C. § 2

5. Paragraphs 1 and 2 of this Indictment are realleged and incorporated as though fully set forth herein.

6. On or about the dates set forth below, in the Southern District of Texas and elsewhere, defendant

**MOKTAR HOSSAIN;**
**AKA MUKTAR HUSSAIN;**
**AKA MUSA;**
**AKA MUSA BHAI;**
**AKA BABU BHAI;**
**AKA ASHRAF;**
**AKA ASHRAB;**
**AKA RICKY;**
**AKA CARLOS,**

and others known and unknown to the Grand Jury, aiding and abetting each other, for the purpose of commercial advantage and private financial gain, did knowingly bring, and attempt to bring, in any manner whatsoever, an alien, as set forth below in Counts Two through Fifteen, to the United

States, knowing and in reckless disregard of the fact that said alien had not received prior official authorization to come to, enter, and reside in the United States, regardless of any official action which may later be taken with respect to said alien.

| COUNT | ALIEN | DATES |
|---|---|---|
| 2 | KK | on or about August 31, 2017 |
| 3 | MMH | on or about October 26, 2017 |
| 4 | AA | on or about November 10, 2017 |
| 5 | AAM | on or about March 12, 2018 |
| 6 | HB | on or about March 14, 2018 |
| 7 | MR | on or about May 31, 2018 |
| 8 | SH | on or about July 6, 2018 |
| 9 | NU | on or about August 16, 2018 |
| 10 | MFH | on or about August 16, 2018 |
| 11 | RH | on or about August 16, 2018 |
| 12 | KM | on or about August 20, 2018 |
| 13 | ZA | on or about August 20, 2018 |
| 14 | HR | on or about August 20, 2018 |
| 15 | SM | on or about August 20, 2018 |

In violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii) and Title 18, United States Code, Section 2.

**COUNT SIXTEEN**
(Conspiracy to Encourage and Induce an Alien to Enter the United States)
8 U.S.C. §§ 1324(a)(1)(A)(iv), 1324(a)(1)(A)(v)(I), and 1324(a)(1)(B)(i)

7. Paragraphs 1 and 2 of this Indictment are realleged and incorporated as though fully set forth herein.

8. From in or about March 2017 through in or about August 2018, in the Southern District of Texas and elsewhere, defendant

**MOKTAR HOSSAIN;**
**AKA MUKTAR HUSSAIN;**
**AKA MUSA;**
**AKA MUSA BHAI;**
**AKA BABU BHAI;**
**AKA ASHRAF;**
**AKA ASHRAB;**
**AKA RICKY;**
**AKA CARLOS,**

and others known and unknown to the Grand Jury, for the purpose of commercial advantage and private financial gain, did knowingly and intentionally conspire to encourage and induce an alien to come to and enter the United States, knowing and in reckless disregard of the fact that such coming to and entry was and would be in violation of law, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv), and 1324(a)(1)(B)(i).

All in violation of Title 8, United States Code, Section 1324(a)(1)(A)(v)(I).

FORFEITURE ALLEGATION

Upon conviction of any of the offenses alleged in Count One through Count Sixteen of this Indictment, the defendant shall forfeit to the United States:

a. any conveyance, including any vessel, vehicle, or aircraft, used in the commission

of the offenses, pursuant to Title 18, United States Code, Section 982(a)(6)(A)(i);

b. any property, real or personal, that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offenses, and any property, real or personal, that was used to facilitate, or was intended to be used to facilitate, the commission of the offenses, pursuant to Title 18, United States Code, Section 982(a)(6)(A)(ii); and

c. any conveyance, including any vessel, vehicle, or aircraft, that has been or is being used in the commission of the offenses, the gross proceeds of such violations, and any property traceable to such conveyances or proceeds, pursuant to Title 8, United States Code, Section 1324(b) and Title 28, United States Code, Section 2461(c).

The United States will also seek a forfeiture money judgment against the defendant in the amount equal to the value of any property, real or personal, that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from these offenses, and the gross proceeds of these offenses, and any property traceable to such proceeds.

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p).

(**Criminal Forfeiture,** pursuant to Title 18, United States Code, Section 982(a)(6), Title 8, United States Code, Section 1324(b), Title 28, United States Code, Section 2461(c), and Title 21, United States Code, Section 853(p))

**ORIGINAL SIGNATURE ON FILE**

RYAN K. PATRICK
United States Attorney

By: ______________________
Jose Homero Ramirez
Assistant United States Attorney

BRIAN BENCZKOWSKI
Assistant Attorney General
Department of Justice

By: ______________________
James Hepburn
Erin Cox
Trial Attorneys
Human Rights and Special Prosecutions Section

USA-74-24b
(Rev. 6-1-71)

LAREDO DIVISION

**CRIMINAL DOCKET NO. L-18-0912**

FILE: 2018R44072
INDICTMENT

Filed: November 20, 2018

Judge:____________________

ATTORNEYS:

UNITED STATES OF AMERICA

RYAN K. PATRICK, USA
JOSE HOMERO RAMIREZ, AUSA-IN CHARGE
BRIAN A. BENCZKOWSKI, AAG
JAMES HEPBURN, TRIAL ATTORNEY
ERIN COX, TRIAL ATTORNEY

VS.

**MOKTAR HOSSAIN;**
**AKA MUKTAR HUSSAIN;**
**AKA MUSA;**
**AKA MUSA BHAI;**
**AKA BABU BHAI;**
**AKA ASHRAF;**
**AKA ASHRAB;**
**AKA RICKY;**
**AKA CARLOS**

**CHARGE:**

Ct. 1: Conspiracy to Bring an Alien to the United States,
[8 U.S.C. §§ 1324(a)(1)(A)(v)(I), 1324(a)(1)(A)(i), & 1324(a)(1)(B)(i)]
Cts. 2-15: Bringing an Alien to the United States and Aiding and Abetting,
[8 U.S.C. § 1324(a)(2)(B)(ii) and 18 U.S.C. § 2]
Ct. 16: Conspiracy to Encourage and Induce an Alien to Enter the United States,
[8 U.S.C. §§ 1324(a)(1)(A)(iv), 1324(a)(1)(A)(v)(I), & 1324(a)(1)(B)(i)]

**TOTAL COUNTS: 16**

**PENALTY:**

Ct.1:
Maximum 10 years imprisonment;
Maximum $250,000 fine;
Maximum 3 years supervised release;
$100 mandatory special assessment;
$5,000 special assessment non-indigent;
Restitution: 18 U.S.C. §§ 3556, 3663, 3664.

Cts. 2-3
Minimum 3 years imprisonment;
Maximum 10 years imprisonment;
Maximum $250,000 fine;
Maximum 3 years supervised release;

| | |
|---|---|
| | $100 mandatory special assessment;<br>$5,000 special assessment non-indigent;<br>Restitution: 18 U.S.C. §§ 3556, 3663, 3664. |
| Cts. 4-15 | **<u>Penalty on Any Subsequent Substantive Count</u>**:<br>Minimum 5 years imprisonment;<br>Maximum 15 years imprisonment;<br>Maximum $250,000 fine;<br>Maximum 3 years supervised release;<br>$100 mandatory special assessment;<br>$5,000 special assessment non-indigent;<br>Restitution: 18 U.S.C. §§ 3556, 3663, 3664. |
| Ct. 16 | Maximum 10 years imprisonment;<br>Maximum $250,000 fine;<br>Maximum 3 years supervised release;<br>$100 mandatory special assessment;<br>$5,000 special assessment non-indigent;<br>Restitution: 18 U.S.C. §§ 3556, 3663, 3664. |