**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 5:18-CR-0912-3** |
| | § | |
| **SAIFULLAH AL-MAMUN,** | § | |
| AKA Saiful Al-Mamun, | § | |
| AKA Saiful Islam | § | |

# GOVERNMENT'S UNOPPOSED MOTION FOR A PROTECTIVE ORDER GOVERNING DISCOVERY

Pursuant to Federal Rule of Criminal Procedure 16(d), the United States of America (the "Government"), by Aaron Reitz, Acting United States Attorney, files this Unopposed Motion for a Protective Order Governing Disclosure of Discovery Materials as to the above-captioned defendant,[1] and in support thereof states as follows:

The Court has the ability to regulate the parties' discovery through Federal Rule of Criminal Procedure 16(d). *See* Fed. R. Crim. P. 16(d)(1). Specifically, Rule 16(d)(1) permits the court, upon a showing of good cause, to deny, restrict, or defer pretrial discovery or inspection by entering a protective order. "It is appropriate, however, to employ Rule 16(d) protective orders to curtail the public dissemination of sensitive discovery materials that may endanger witnesses or informants." *United States v. Barbeito*, 2009 U.S. Dist. LEXIS 102688 (S.D. W. Va. Oct. 30, 2009); *see also United States v. Moore*, 322 Fed. Appx. 78, 83 (2d Cir. 2009) (unpublished). Furthermore, "[a] trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the [surveillance] materials which they may be entitled to inspect." *Alderman v. United States*, 394

[1] The Court previously issued Protective Orders as to defendants Moktar Hossain and Mohamad Milon Hossain. ECF Nos. 37, 114.

U.S. 165, 185 (1969).

As an initial matter, the entry of the proposed protective order is consistent with Rule 16(d) because the discovery materials in this case implicate the privacy and safety rights of third parties. The Government has prepared discovery to be provided to counsel for the above-named defendant. The discovery to be provided by the government in this case includes sensitive information, including the contents of cell phone extraction(s) identifying information of aliens smuggled by this organization, identifying information of witnesses' family members, and direct contact information for law enforcement. The unrestricted dissemination of that sensitive information could adversely affect law enforcement interests and the privacy interests and safety of third parties. Moreover, the discovery to be provided contains photos, videos, and audio recordings that are not readably redactable. Although the Government has been working on redactions, due to the volume of discovery and the format of certain discovery material in this case, redacting all sensitive and identifying information would not be feasible, especially considering the scheduling order that is currently in place.

Because this case relates to an ongoing criminal investigation involving other human smugglers potentially associated with the defendant, there is also good cause to issue a protective order pursuant to Rule 16(d)(1). Additionally, the discovery material in this case includes identifying information for individuals who provided statements to law enforcement, as well as other information that could be used to identify those individuals and their families. The proposed protective order is necessary to prevent the dissemination of these materials to associates of the defendant who are not incarcerated. The terms of the proposed protective order will allow law enforcement officials to investigate and protect, if necessary, the safety and wellbeing of individuals who may cooperate with the government's investigation and who may be witnesses at trial.

Moreover, disclosure of discovery materials beyond that permitted by the proposed protective order might compromise ongoing criminal investigations of person(s) at-large by revealing the details of criminal activity. In similar cases, courts have limited the disclosure of discovery materials. *See United States v. Jackson*, No. 02 CR. 756 (LMM), 2003 WL 22023972, at *4 (S.D.N.Y. Aug. 27, 2003).

The government may also produce certain confidential immigration materials, including but not limited to, applications for protected immigration status, records supporting or related to those applications and related proceedings, and factual findings related to those applications (collectively referred to as the "Protected Immigration Discovery Materials"). The Protected Immigration Discovery Materials contain information that is subject to statutory disclosure restrictions that warrant a protective order when they are disclosed pursuant to the government's discovery obligations in this case. The sensitive nature of the Protected Immigration Discovery Materials presents good cause why the disclosure and dissemination of these materials should be limited. *See* Fed. R. Crim. P. 16(d)(1). The Protected Immigration Discovery Materials may contain PII of witnesses, their family members, and others related to this matter that normally would be subject to nondisclosure restrictions of the Privacy Act, 5 U.S.C. § 551 *et seq*. *See* 5 U.S.C. § 552a(b). Such inofrmation includes the information contained in applications for certain immigration status, including asylum, refugee, and other protected status. *See* 5 U.S.C. § 552a(4). The Privacy Act applies if the PII relates to a United States citizen, or an alien lawfully admitted for permanent residence. *See* 5 U.S.C. § 552a(a)(2). The Protected Immigration Discovery Materials contain the PII of individuals who have applied for certain immigration status. Out of an abundance of caution, the government presumes that the Privacy Act applies to the Protected Immigration Discovery Materials, whether the information therein relates to a U.S. citizen, legal permanent resident, or alien.

In order to protect sensitive law enforcement information relevant to an ongoing criminal investigation, and to protect the witnesses and their families from any potential intimidation and

retribution, the Government requests that the Court enter an order placing the following restrictions on the discovery material:

1. Without the consent of the United States or approval from the Court, the discovery and information therein may only be used in connection with the litigation of this case and for no other purpose.
2. Without authorization of the Court, the discovery made available by the United States to the Defendant and his attorney of record is not to be disclosed or disseminated to anyone other than the named Defendant; Defendant's attorneys of record; and members of the defense team, including defense investigators, paralegals, expert witnesses, and other individuals necessary for assisting defense in the preparation and trial of this matter (collectively, "the Defense Team").
3. The Defendant will be permitted to view the discovery only in the presence of his attorney of record, defense investigators, or the staff of their attorney. Copies of the discovery shall not be disseminated to, or by, the Defendant. The Defendant shall not be permitted to keep or take discovery, including copies and notes of such materials.
4. Prior to providing discovery to a member of the Defense Team, defense counsel is required to provide a copy of this Protective Order to the Defense Team member receiving discovery and obtain written acknowledgement that the Defense Team member is bound by the terms and conditions of this Protective Order. The written consent need not be disclosed or produced to the United States unless ordered by the Court.
5. In the event the Defendant seeks to use or attach the discovery material in any court filing, at trial, or in another hearing in this matter, any filings shall comply with Rule 49.1 of the

Federal Rules of Criminal Procedure and the electronic filing policies and procedures of the United States District Court for the Southern District of Texas.

6. Any filing that contains the names of victims or witnesses shall be filed under seal and shall remain sealed until otherwise ordered by this Court.

7. At the close of this case, defense counsel shall return the discovery to the U.S. Attorney's Office, Southern District of Texas, or otherwise certify that the material has been destroyed.

8. Any person who willfully violates this order may be held in contempt of court and may be subject to monetary or other sanctions as deemed appropriate by this Court.

9. The protective order does not limit employees of the United States Attorney's Office from disclosing the discovery to members of the United States Attorney's Office, the Department of Justice, enforcement agencies, and to the Court and defense, as necessary to comply with the government's discovery obligations.

10. The Protected Immigration Discovery Materials are additionally subject to the following conditions:

    a. The defense may review Protected Immigration Discovery Materials in this case only in the presence of defense counsel, and defense counsel shall ensure that the Defendant is never left alone with any discovery subject to the Protective Order. Defendant may see and review Protected Immigration Discovery Materials in the presence of defense counsel, but the Defendant may not copy, keep, maintain, or otherwise possess any of such Protected Immigration Discovery Materials in this case at any time. Defendant must return any Protected Immigration Discovery Materials to defense counsel at the conclusion of any meeting at which the Defendant was permitted to view the Protected Immigration Discovery Materials. Defendant may not

take any Protected Immigration Discovery Materials out of the room in which she is meeting with defense counsel. Defendant may not write down or memorialize any information contained in the Protected Immigration Discovery Materials. At the conclusion of any meeting with the Defendant, defense counsel shall take with him or her all Protected Immigration Discovery Materials. At no time, under no circumstance, will any Protected Immigration Discovery Materials be left in the possession, custody, or control of Defendant.

b. Upon the final disposition of this case, any Protected Immigration Discovery Materials shall not be used, in any way, in any other matter, absent a court order. All materials designated subject to the Protective Order maintained in defense counsel's files shall remain subject to the Protective Order unless and until such order is modified by court order. Within thirty days of the conclusion of appellate and post-conviction proceedings, defense counsel shall return Protected Immigration Discovery Materials to the government or certify that such materials have been destroyed.

The above captioned defendant has waived formal arraignment on the charges in the above-numbered indictment and has entered a plea of "not guilty." Counsel for the Government has conferred with defense counsel regarding this motion, and has sent a copy of the proposed motion and order via email to defense counsel. Counsel for the Defendant, Mr. Saifullah Al-Mamun, has advised the undersigned that he is unopposed.

WHEREFORE, the Government respectfully moves this Court to enter the proposed protective order governing discovery materials, which is unopposed.

Respectfully Submitted,

Aaron Reitz
Acting United States Attorney

*/s/ Spencer M. Perry*
Spencer M. Perry
Trial Attorney
U.S. Department of Justice

## CERTIFICATE OF SERVICE AND CONFERENCE

The Government hereby certifies that the undersigned Trial Attorney conferred with defense counsel on July 22, 2026, regarding this matter, and defense counsel advised that he was unopposed to the motion. The Government also hereby certifies that on the 23rd day of July, 2026, it electronically filed the foregoing document with the clerk of court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court, which notifies all counsel of record.

*/s/ Spencer M. Perry*
Spencer M. Perry
Trial Attorney
U.S. Department of Justice