**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 5:18-CR-0912-3** |
| | § | |
| **SAIFULLAH AL-MAMUN,** | § | |
| AKA Saiful Al-Mamun, | § | |
| AKA Saiful Islam | § | |

# ORDER ON GOVERNMENT'S UNOPPOSED MOTION FOR A PROTECTIVE ORDER GOVERNING DISCOVERY

Before the Court is the Government's Unopposed Motion for a Protective Order Governing Disclosure of Discovery Materials, filed on July 23, 2026. The Court finds that good cause has been established to restrict discovery in this case and that this Protective Order is a reasonable measure that protects the rights of the Defendant, the public, and witnesses involved in this case. After consideration, the Court determines that the motion should be and is hereby granted as to the defendant, Saiful Islam. Therefore, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, and the inherent authority of this Court, I hereby ORDER the following:

1. Without the consent of the United States or approval from the Court, the discovery and information therein may only be used in connection with the litigation of this case and for no other purpose.
2. Without authorization of the Court, the discovery made available by the United States to the Defendant and his attorney of record is not to be disclosed or disseminated to anyone other than the named Defendant; Defendant's attorneys of record; and members of the defense team, including defense investigators, paralegals, expert witnesses, and other individuals necessary for assisting defense in the preparation and trial of this matter (collectively, "the Defense Team").

3. The Defendant will be permitted to view the discovery only in the presence of his attorney of record, defense investigators, or the staff of their attorney. Copies of the discovery shall not be disseminated to, or by, the Defendant. The Defendant shall not be permitted to keep or take discovery, including copies and notes of such materials.
4. Prior to providing discovery to a member of the Defense Team, defense counsel is required to provide a copy of this Protective Order to the Defense Team member receiving discovery and obtain written acknowledgement that the Defense Team member is bound by the terms and conditions of this Protective Order. The written consent need not be disclosed or produced to the United States unless ordered by the Court.
5. In the event the Defendant seeks to use or attach the discovery material in any court filing, at trial, or in another hearing in this matter, any filings shall comply with Rule 49.1 of the Federal Rules of Criminal Procedure and the electronic filing policies and procedures of the United States District Court for the Southern District of Texas.
6. Any filing that contains the names of victims or witnesses shall be filed under seal and shall remain sealed until otherwise ordered by this Court.
7. At the close of this case, defense counsel shall return the discovery to the U.S. Attorney's Office, Southern District of Texas, or otherwise certify that the material has been destroyed.
8. Any person who willfully violates this order may be held in contempt of court and may be subject to monetary or other sanctions as deemed appropriate by this Court.
9. The protective order does not limit employees of the United States Attorney's Office from disclosing the discovery to members of the United States Attorney's Office, the Department of Justice, enforcement agencies, and to the Court and defense, as necessary to comply with the Government's discovery obligations.

10. As used in this Order, the term "Protected Immigration Discovery Material" shall mean: all information relating to an application for immigration status that falls under (1) the Privacy Act, 5 U.S.C. § 552a(a)(4), whether applying to a U.S. citizen, legal permanent resident, or alien; and (2) 8 C.F.R. § 208.6, including but not limited to applications for immigration status, records supporting to or related to those applications, and factual findings related to those applications. The Protected Immigration Discovery Materials may contain personal identifiable information ("PII") and/or sensitive immigration information relating to one or more persons. Protected Immigration Discovery Material are additionally subject to the following conditions:

    a. The defense may review Protected Immigration Discovery Materials in this case only in the presence of defense counsel, and defense counsel shall ensure that the Defendant is never left alone with any discovery subject to the Protective Order. Defendant may see and review Protected Immigration Discovery Materials in the presence of defense counsel, but the Defendant may not copy, keep, maintain, or otherwise possess any of such Protected Immigration Discovery Materials in this case at any time. Defendant must return any Protected Immigration Discovery Materials to defense counsel at the conclusion of any meeting at which the Defendant was permitted to view the Protected Immigration Discovery Materials. Defendant may not take any Protected Immigration Discovery Materials out of the room in which she is meeting with defense counsel. Defendant may not write down or memorialize any information contained in the Protected Immigration Discovery Materials. At the conclusion of any meeting with the Defendant, defense counsel shall take with him or her all Protected Immigration Discovery Materials. At no time, under no

circumstance, will any Protected Immigration Discovery Materials be left in the possession, custody, or control of Defendant.

b. Upon the final disposition of this case, any Protected Immigration Discovery Materials shall not be used, in any way, in any other matter, absent a court order. All materials designated subject to the Protective Order maintained in defense counsel's files shall remain subject to the Protective Order unless and until such order is modified by court order. Within thirty days of the conclusion of appellate and post-conviction proceedings, defense counsel shall return Protected Immigration Discovery Materials to the government or certify that such materials have been destroyed.

Signed this ______ day of_________________, 2026.

_________________________________
DIANA SALDANA
United States District Judge